UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

VICTORIA L. DENDY,

                            **Plaintiff,**

                 v.                                5:07-CV-242
                                                        (FJS/GJD)

UNITED STATES OF AMERICA,

                            **Defendant.**
_____

**APPEARANCES**                                    **OF COUNSEL**

**OFFICE OF MICHAEL P. MARMOR**      **MICHAEL P. MARMOR, ESQ.**
Lyndon Office Park, Building B
7000 East Genesee Street
Fayetteville, New York 13066
Attorneys for Plaintiff

**OFFICE OF THE UNITED**              **WILLIAM F. LARKIN, AUSA**
**STATES ATTORNEY**
James Hanley Federal Building and
U.S. Courthouse
100 South Clinton Street
P.O. Box 7198
Syracuse, New York 13261-7198
Attorneys for Defendant

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On March 7, 2007, Plaintiff Victoria L. Dendy filed this action against Defendant United States of America pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, for injuries she allegedly suffered during an automobile accident in Syracuse, New York.

Currently before the Court is Defendant's motion for summary judgment on the following grounds: (1) the FTCA limits Plaintiff's claim to $58,800.00, the amount specified in Plaintiff's administrative claim;[1] (2) New York State's No-Fault Law bars Plaintiff's claim for non-economic loss; (3) Plaintiff cannot show that the accident is the proximate cause of her injuries; and (4) Plaintiff cannot show economic loss in excess of $50,000.

## II. BACKGROUND

On February 14, 2003, Plaintiff was involved in an automobile accident where her car collided with a government-operated vehicle at 12:50 p.m at Thompson Road and Burnett Avenue in Syracuse, New York.[2]  Plaintiff alleges that a Federal Bureau of Investigation ("FBI") employee was driving too fast, failed to look for other cars, did not have control of the vehicle, did not take precautions, and was reckless and negligent.  On February 1, 2005, Plaintiff submitted an administrative claim to the FBI for $58,800.00, which the FBI denied on September 19, 2006.

## III. DISCUSSION

---

[1] *See* 28 U.SC. 2675(b) ("Action . . . shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where . . . [there is] newly discovered evidence not reasonably discoverable at the time of . . . the claim . . . or upon allegation and proof of intervening facts . . . .").

[2] Plaintiff was also involved in a prior motor vehicle accident on December 13, 2002, and in a later a motor vehicle accident on May 1, 2007.

### A. Standard of Review

Summary judgment is appropriate where "'there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Ancekewicz v. Long Island Univ.*, No. 02-CV-4490, 2005 WL 1411917, *3 (E.D.N.Y. June 15, 2005) (quotation omitted). In response to such a motion, the non-moving party cannot rely exclusively on unsupported assertions or the allegations in her pleadings. *See id*. at *4 (citations omitted).

Furthermore, under Fed. R. Civ. P. 56(e), if a non-moving party does not oppose a summary judgment motion, judgment shall be entered against that party if appropriate - meaning that, "when faced with an unopposed motion of summary judgment, a district court 'must still assess whether the moving party has fulfilled its burden of demonstrating that there is no genuine issue of material fact and its entitlement to judgment as a matter of law.'" *Id*. (quotation and other citations omitted).[3]

### B. Plaintiff's personal injury claim

Pursuant to the FTCA, "the federal government has consented to be sued for the 'negligent or wrongful acts or omissions' of its employees acting within the scope of their employment 'under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" *Patrello v. United States*, 757 F. Supp. 216, 218 (S.D.N.Y. 1991) (quoting 28 U.S.C. § 1346(b)).

---

[3] Defendant filed its motion on August 28, 2008. *See* Dkt. No. 21. On September 22, 2008, Plaintiff's attorney submitted a letter seeking an adjournment, which the Court granted; as a result, Plaintiff's response was due on October 7, 2008. *See* Dkt. No. 22; Unnumbered Text Order dated September 23, 2008. Despite this extension, Plaintiff did not file any papers in opposition to Defendant's motion.

Since this accident occurred in New York, "liability is determined under the law of New York." *Id.* (citations omitted). If the United States were a private person, the applicable law under these circumstances for recovery for personal injury would be Article 51 of New York's Insurance Law," commonly referred to as New York's "No-Fault Law." *Id.* (citing N.Y. Insurance Law §§ 5101-5108 (McKinney 1985 & Supp. 1988)). Thus, the FTCA requires the Court to apply such law to the facts of this case. *See id.* (citations omitted).[4]

Section 5104 of New York's No-Fault Law, however, "imposes two limitations on tort recovery for personal injuries in actions between 'covered persons' as defined in § 5102(j), that is, persons entitled to [reimbursement for basic economic loss]." *Patrello*, 757 F. Supp. at 219. "First, the injured party . . . may recover in tort only that basic economic loss which exceeds $50,000." *Id.* "Second, with regard to 'non-economic loss' or pain and suffering (*see* § 5102(c)), recovery is limited to that associated with 'serious injury' as defined in § 5102(d)." *Id.* Therefore, to determine whether Plaintiff can maintain this action under § 5104, the Court must determine whether her basic economic losses exceeded $50,000; and, with respect to her claim for damages for non-economic loss, i.e., pain and suffering, whether she suffered a "serious injury" within the meaning of § 5102(d) as a result of the accident.

### *1. Basic economic loss*

Defendant asserts that Plaintiff has submitted no evidence of economic loss in excess of $50,000 and that, in her answers to interrogatories, she stated that she had not worked since July

---

[4] The Court will assume for the purposes of addressing this motion with respect to Plaintiff's personal injury claim that Defendant's employee was to some degree negligent.

2001.[5]  *See* Defendant's Statement of Material Facts at ¶ 44.  "'Basic economic loss' essentially consists of medical expenses, loss of earnings and other 'reasonable and necessary' expenses up to $50,000 per person."  *Patrello*, 757 F. Supp. at 219 (citing Section 5102(a)).  Furthermore, "the injured party . . . may recover in tort only that basic economic loss which exceeds $50,000."  *Id.*  When a plaintiff cannot show economic loss greater than $50,000, a defendant is entitled to summary judgment.  *See Ventra v. United States*, 121 F. Supp. 2d 326, 332 (S.D.N.Y. 2000) (finding plaintiff cannot sue where economic loss was a half day of work and $500 out of pocket expenses when the court was resolving a motion for summary judgment).  The Court finds that Plaintiff is not entitled to maintain an action for economic losses under New York's No-Fault Law, because she has presented no evidence of any medical expenses, loss of earnings or other reasonable and necessary expenses, let alone in excess of $50,000.

### 2. *Non-economic loss - serious injury*

For purposes of New York's No-Fault Law,

> "Serious injury" means a personal injury which results in . . . permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment.

---

[5] Pursuant to Local Rule 7.1(a)(3), because Plaintiff did not respond to the facts set forth in Defendant's Statement of Material Facts, the Court will deem these facts admitted.  *See* L.R. 7.1(a)(3).

N.Y. Ins. Law § 5102(d) (McKinney 2009 Supp.).[6]

"It is well settled that to establish a claim of 'serious injury,' a plaintiff must introduce objective and credible medical evidence of such an injury." *Mastrantuono v. United States*, 163 F. Supp. 2d 244, 254 (S.D.N.Y. 2001) (citations omitted). Thus, "a diagnosis based solely on the patient's subjective expressions of pain, and a range of motion test, is insufficient to support an objective finding of serious injury." *Id.* (citation omitted). On the other hand, "MRIs, x-rays and CT-scans are objective and credible medical evidence of a serious injury because they do not rely on the patient's complaints of pain." *Id.* (citations omitted).

A review of the medical records that Defendant submitted reveals only subjective complaints of pain and range-of-motion tests in various different areas of Plaintiff's body as well as some negative x-rays. *See* Defendant's Memorandum of Law, Exhibits B, C, D, F, G, H, I; *see also* Defendant's Statement of Material Facts ¶¶ 3-11, 13-40, 42. Plaintiff has not submitted any evidence to contradict these records. Therefore, the Court finds that Plaintiff has failed to show that she suffered a serious injury within the meaning of New York's No-Fault Law.

Accordingly, for the above-stated reasons, the Court grants Defendant's motion for summary judgment with regard to Plaintiff's personal injury claim.

### C. Plaintiff's property loss claim

Although Defendant asks this Court to dismiss the entirety of Plaintiff's complaint,

---

[6] "An injured party who suffers 'minor' injuries that do not fall within one of these categories [listed in § 5102(d)] has no right to recover for pain and suffering . . . ." *Hodder v. United States*, 328 F. Supp. 2d 335, 348 (E.D.N.Y. 2004) (citations omitted). Furthermore, New York courts strictly construe the no-fault statute. *See id.* (quotation omitted).

Defendant did not directly address Plaintiff's property loss claim in its motion for summary judgment. The Court cannot simply dismiss Plaintiff's property damage claim because it dismissed her personal injury claim for the same accident. *See Patrello*, 757 F. Supp. at 224-26 (treating property damage claim separate from a personal injury claim subject to the New York No-Fault Law in an FTCA action); *see also Yaraghi v. Zeller*, 286 A.D.2d 765, 765 (2d Dep't 2001) (holding that the court should not have summarily dismissed a property damage claim when plaintiff failed to show serious injury in personal injury claim) (citing *Mabin v. Matos*, 119 A.D.2d 812, [812-13,] 501 N.Y.S.2d 440 [(2d Dep't 1986)]).[7] Accordingly, the Court denies Defendant's motion for summary judgment with regard to Plaintiff's property damage claim.

## IV.  CONCLUSION

After carefully considering the entire file in this matter, the parties' submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Defendant's motion for summary judgment is **GRANTED** in part and **DENIED** in part; and the Court further

**ORDERS** that Defendant's motion for summary judgment is **GRANTED** with respect to Plaintiff's personal injury claim; and the Court further

---

[7] In addition to its arguments regarding the No-Fault Law, Defendant also raised a proximate cause argument and an ad damnum argument.  However, Defendant's proximate cause argument relates only to Plaintiff's claimed personal injuries and not the property damage to the vehicle.  With respect to Defendant's ad damnum argument, Plaintiff claimed $3,800.00 in property damage on her administrative claim form.  *See* Defendant's Memorandum of Law, Exhibit A at 1.  In her complaint, Plaintiff demands $3,800.00 in property damage.  *See* Complaint ¶ 13.  Therefore, § 2675(b) does not bar that claim because the amount of recovery that Plaintiff seeks in her property damage claim does not exceed the amount she sought in her administrative claim.  *See* 28 U.S.C. § 2675(b).

**ORDERS** that Defendant's motion for summary judgment is **DENIED** with respect to Plaintiff's property damage claim; and the Court further

**ORDERS** that Plaintiff's counsel shall initiate a telephone conference, using a professional conferencing service, with the Court and opposing counsel on **April 27, 2009**, at **10:00 a.m.** to set a trial date.

**IT IS SO ORDERED.**

Dated: March 30, 2009
       Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge